**CORDLE et, Plaintiffs-Appellees, v. SHEAF, d. b. a. GEORGE SHEAF AND COMPANY, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4381. Decided September 21, 1950.

O. H. Roth, Williams, Reynolds, Murray & Deeg, Columbus, for plaintiffs-appellees.

Richard C. Addison, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is an appeal on questions of law from a judgment of the Municipal Court of Columbus, Ohio, awarding the plaintiffs the balance due on an oral contract for the laying of a certain number of cement block. The record discloses that the defendant, George Sheaf, is a general contractor engaged in the construction of commercial buildings; that he had a contract with Otterbein University, for the construction of a stadium at Westerville, Ohio; that Benham, Richards & Armstrong were the architects who drew the plans and supervised the construc-

tion; that a superintendent of the defendant employed the plaintiffs to lay the concrete block required at the rate of sixteen cents per block; that the plaintiffs were furnished a blue print showing the work to be done; that after the plaintiffs had laid 2591 blocks the work was stopped because the architects refused to accept a substantial part of the work for the reason that it did not meet with their approval. The record discloses, however, that the contract of employment was silent as to any such requirement. It is urged by the appellant that since this requirement was in the general contract it became a part of the contract between these parties by implication, as the plaintiffs knew that the plans and specifications had been drawn by an architect. The answer, after pleading a general denial, set forth the affirmative defense that the work was to be acceptable to the architects and that it was not in certain respects.

The first error assigned is that the court erred in the rejection of evidence offered by the defendant. On direct examination the defendant was asked concerning his general contract with the University. To this question an objection was sustained, the Court confining the issues to the contract between the plaintiffs and the defendant. The Court did not err in this ruling as the general contract had no relation to the contract between the parties to this action. We do not think it became a part of the plaintiffs' contract by implication as urged by the defendant. Where a contract is silent in regard to a matter of much importance to both parties it is not likely to be presumed that it was intended to imply an agreement upon that point. The implication should clearly appear from the whole contract. **9 O. Jur. Sec. 174, p. 400.** Under the plaintiffs' contract they were required to perform the work in the common and usual way at the place where the work was to be done. It must be done with the skill which is usual in the block-laying industry in a workmanlike manner. **9 O. Jur. Sec. 208, p. 437.** Whether or not these requirements were met was a factual question for the trial court and which it resolved in favor of the plaintiffs.

We find that there is ample evidence in the record to support the court's ruling. The court did not err in permitting Thurman Cordle, one of the plaintiffs, after being properly qualified, to testify that the work was done in the "standard way of laying block."

We find no error in the record, and the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.