OPINION
Plaintiff-appellant, YOU Properties, Inc., appeals from a judgment of the Franklin County Court of Common Pleas regarding the disposition of an escrow fund and other issues relating to a contract for the sale of real property and for construction of related improvements.
The contract at issue was one of several entered by YOU Properties for the sale of commercial real estate it was developing as a shopping center. YOU Properties, the seller, sold one parcel to GMRI, the purchaser, for the construction of an Olive Garden restaurant and another parcel to a buyer for a Taco Bell restaurant. As part of its obligations, YOU Properties agreed to construct a parking lot and other improvements, such as sewers, curbs, etc. YOU Properties retained title to the property on which the parking lot was built and recorded easements and covenants in regard to that area.
In this contract, the parties provided for construction of specific improvements to be made by YOU Properties:
 6. SELLER'S CONSTRUCTION. * * * SELLER, at its expense, shall, complete the construction within the time frames hereinafter set forth below ("CONSTRUCTION"). SELLER shall furnish PURCHASER with a copy of the plans for the CONSTRUCTION prior to CLOSING and same shall be completed in accordance with such plans, all governmental requirements and this Agreement.
SELLER'S CONSTRUCTION shall consist of the following:
 (i) Within ten (10) days following CLOSING, SELLER shall rough grade the PREMISES and PARKING EASEMENT AREA in accordance with the hereinbefore referred grading plan * * *; and
 (ii) Within thirty (30) days following CLOSING, SELLER shall install utilities * * * including but not limited to installation of the master storm system * * *; and
 (iii) Within ninety (90) days following CLOSING, SELLER shall install and construct, pursuant to the MASTER DEVELOPMENT PLAN, all curbcuts, driveways, entrance and parking areas on the PREMISES and PARKING EASEMENT AREA, including but not limited to paving, striping and curbing and exterior lighting (not situate on the PREMISES) * * *.
The contract further provided that part of the purchase price of $425,000 would be held in escrow to ensure that the site improvements would be constructed as promised:
 * * * [O]ne hundred twenty-five percent (125%) of PURCHASER'S reasonable estimate * * * for the CONSTRUCTION shall be retained in escrow by ESCROW AGENT from SELLER'S net proceeds. If SELLER completes the CONSTRUCTION in a timely fashion pursuant to this Agreement, and delivers the engineer's certification described above, the escrowed proceeds shall be released to SELLER. * * *
The contract further provides terms that would apply if YOU Properties failed to construct the improvements as agreed:
 * * * However, if SELLER fails to perform the CONSTRUCTION in accordance with this Agreement and if PURCHASER elects to exercise its right to undertake the CONSTRUCTION, PURCHASER will then perform all CONSTRUCTION and, if assignable, SELLER will immediately assign its governmental permits to PURCHASER and grant PURCHASER all easements necessary to perform such CONSTRUCTION. * * * Upon completion of the CONSTRUCTION, PURCHASER will submit to ESCROW AGENT * * * an Affidavit of Actual Costs (to include reasonable overhead and administrative expenses) stating the total costs of the CONSTRUCTION. Upon receipt of same, ESCROW AGENT shall release the amount stated in the Affidavit of Costs to PURCHASER * * *. (Emphasis added.)
The contract provides that, if GMRI elected to take over the construction and was compensated for its costs from the escrow fund, the escrow agent would then remit any remaining funds to YOU Properties, "and the balance remaining in escrow after payment to PURCHASER, if any, shall be paid to SELLER." However, the contract also provides that, if the escrowed funds "are insufficient to pay the costs of the CONSTRUCTION, the SELLER shall be obligated to pay such deficiency to PURCHASER within ten (10) business days after receipt of written demand."
Pursuant to these provisions, $165,000 was placed in escrow. Construction proceeded, and the escrow agent made disbursements to YOU Properties, although not provided in the contract. Each of these draws was approved in writing by both GMRI and YOU Properties. These draws reduced the escrow account to approximately $56,000.
However, GMRI found that the improvements were not being performed as agreed, particularly in regard to the parking lot and lighting. GMRI informed YOU Properties, in writing, that it elected to exercise its right to take over the construction and that it would submit the requisite affidavit of costs to the escrow agent for payment.
YOU Properties, which held title to the parking lot area, responded that "[t]here shall be no work done by your company on any areas outside of your actual property lines without my written permission, which has not been given." YOU Properties further asserted that the "balance of the escrow fund is not going to be disbursed without our permission," and that the work would be completed. Accordingly, GMRI did not take over the construction on the promised improvements.
There was evidence that YOU Properties completed only one hundred thirty of the one hundred seventy-seven spaces that it agreed to provide, did not provide striping as required, failed to construct an island and curbing as required, failed to provide the parking spaces within the agreed time, and did not timely install the lighting. YOU Properties did not deliver the required engineer's certification.
GMRI brought an action for declaratory judgment in the Franklin County Court of Common Pleas, seeking a determination of its rights under the contract. GMRI sought a return of the escrowed funds and damages for breach of contract. Defendants included YOU Properties and its principal owner, Michael Young. YOU Properties counterclaimed, seeking payment for certain services and construction materials under theories of oral contract and unjust enrichment. The escrow agent deposited the balance with the court (about $56,000) and was dismissed from the action.
At trial, YOU Properties provided evidence that it had not yet paid the subcontractors who worked on the site improvements. A representative of DB Paving testified that it was owed $39,893 by YOU Properties, and another contractor testified that YOU Properties owed it $49,932.
Following trial, in a decision and entry filed December 23, 1998, the common pleas court made findings of fact, including that YOU Properties had constructed only one hundred thirty-one of the promised one hundred seventy-seven parking spaces, had failed to stripe the parking spaces as agreed, had failed to construct the island and curbing as agreed, and had failed to timely install the lighting. The court also found that, although the subcontractors had a contractual relationship with YOU Properties, they were not in privity of contract with GMRI. The court granted a directed verdict in favor of YOU Properties with regard to GMRI's claim for lost profits and dismissed Michael Young as a party.
Pursuant to R.C. 2721.03, the trial court construed the contract and declared the parties' rights and obligations under the contract, including the following:
 20. Construing the contract, it was the intention of the parties that the escrowed proceeds shall be released to seller if seller completed the construction in a timely fashion pursuant to the Agreement and delivered the engineer's certification as described in the contract.
* * *
 22. It was not the intention of the parties that the escrow funds should be paid to the seller for distribution to the parties that incurred costs associated with the construction of the parking lot, irrespective of whether or not the seller actually completed the parking lot in accordance with the Agreement.
 23. It was not the intention of the parties that any party incurring costs associated with the construction of the parking lot, specifically the subcontractors herein who were not in privity with Plaintiff, would have a valid claim to funds in the escrow account.
 24. Rather, the evidence presented at trial demonstrated that the intent and purpose of the escrow account was to insure that the Defendant fulfilled its obligation to the Plaintiff and build the specifically designed parking lot before being entitled to receive the full sale proceeds.
 25. As such, construing the contract and reviewing the evidence presented at trial, the Plaintiff is entitled to receive the funds remaining in the escrow account.
The court found that, in regard to YOU Properties' counterclaim for $4,600 as to the provision of stone/gravel and water-testing, there was no evidence of a written or oral contract for the services allegedly provided by YOU Properties. In addition, under the theory of unjust enrichment or quantum meruit, the court found that YOU Properties failed to demonstrate that it provided stone/gravel or water-testing that was GMRI's responsibility. In the alternative, the court found that, assuming arguendo that YOU Properties provided these items, YOU Properties failed to demonstrate that permitting GMRI to retain the benefit would be unjust or inequitable under the circumstances.
Accordingly, the court rendered the following judgment:
 Therefore, * * * this Court finds that Plaintiff is entitled to the remaining funds in the escrow account. Further, Defendant failed to prove that it is entitled to recover $4,600.00 on its Counterclaim. * * *
The trial court filed a judgment entry on February 3, 1999, incorporating its decision and entry of December 12, 1998. Defendant-appellant, YOU Properties, filed a timely notice of appeal.
On appeal, YOU Properties asserts the following assignments of error:
Assignment of Error No. 1
 The Trial Court erred as a matter of law and ruled against the manifest weight of the evidence when it awarded the escrowed funds to Appellee even though Appellee had completed none of the three requirements the contract stated were necessary to permit payment of escrowed funds to Appellee.
Assignment of Error No. 2
 The Trial Court erred as a matter of law and ruled against the manifest weight of the evidence in failing to find that the parties' intent in establishing the escrow fund was to use the escrowed funds to pay for the actual cost of the site improvements.
Assignment of Error No. 3
 The Trial Court erred as a matter of law and ruled against the manifest weight of the evidence in finding that the intent of the parties was to permit Appellee to retain the escrowed funds when that interpretation creates an inequitable, unusual and unreasonable result.
Assignment of Error No. 4
 The Trial Court erred in failing to award Appellant $4600 on its Counterclaim on a theory of unjust enrichment.
We address appellant's first three assignments of error together. YOU Properties argues: (1) that the trial court erred and ruled against the manifest weight of the evidence in awarding the balance of the escrow fund to GMRI because they did not satisfy the requirements stated in the contract; (2) that the trial court erred and ruled against the manifest weight of the evidence in failing to find that the parties' intent in establishing the escrow fund was to use the funds to pay for the costs of the site improvements; and (3) that the trial court erred and ruled against the manifest weight of the evidence in declaring that the parties' intent was to permit GMRI to retain the balance of the escrow fund. We agree that the trial court erred as a matter of law in awarding the balance of the escrow funds to GMRI.
The Supreme Court of Ohio has held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E.Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. The interpretation of a contract that is clear and unambiguous is a question of law. State ex rel. Parsons v.Fleming (1994), 68 Ohio St.3d 509, 511; Davis v. LoopcoIndustries, Inc. (1993), 66 Ohio St.3d 64, 66. Questions of law are reviewed de novo. Wiltberger v. Davis (1996), 110 Ohio App.3d 46,51-52. Additionally, the Supreme Court of Ohio has held that contracts are to be interpreted to carry out the intent of the parties as evidenced by the actual language of the contract.Skivolocki v. East Ohio Gas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus.
The trial court found that the intent of the parties in creating the escrow account was to insure that YOU Properties fulfilled its obligations to GMRI to complete the construction as agreed before it was to receive the entire proceeds of the sale. Construing the contract language in conjunction with the evidence presented at trial, the trial court concluded that GMRI was entitled to receive the funds remaining in the escrow account. However, the trial court's decision is unclear whether the award of the remaining escrow money to GMRI was based on the actual terms of the contract or as a form of liquidated damages for YOU Properties' breach of the contract. Essentially, YOU Properties argues that the trial court was obliged, pursuant to the contract language and the evidence, to award it the remaining funds in the escrow account. GMRI, however, argues that, regardless of the explicit conditions precedent for disbursement of escrow funds, they were entitled to receive the $56,128 as damages for breach of contract.
On review of the contract, we find that the language is clear and unambiguous that YOU Properties was to receive the escrowed funds only "[I]f SELLER completes the CONSTRUCTION in a timely fashion pursuant to this Agreement and delivers the engineer's certification described [in the contract]." The trial court found that YOU Properties did not complete the construction as agreed, a finding that was supported by the evidence. For example, there is no evidence that YOU Properties delivered an engineer's certification that the construction was completed as agreed. Accordingly, pursuant to the clear language of the original contract and according to the supported findings of fact, YOU Properties had no right to any of the escrowed funds.
However, the evidence demonstrates that the parties modified the escrow agreement. That is, although the original contract did not permit any disbursements until all improvements were completed (and the engineer's certificate was delivered), the parties clearly agreed in writing to partial disbursements from the escrow fund during the construction of the improvements. We find that the parties modified the contract to permit partial disbursements after partial performance, but only to the extent of the disbursements that were actually made pursuant to written approvals. Specifically, the contract as amended by the disbursement approvals permitted YOU Properties to receive $109,000 (approximately) for its partial completion of the improvements.
The problem, of course, is that the contract does not expressly provide for any other disbursements from the escrow account. Indeed, neither YOU Properties nor GMRI can establish that it satisfied the contractual requirements for receiving the balance of the escrow fund. YOU Properties did not complete the improvements as agreed and deliver an engineer's certificate; therefore, YOU Properties had no right to a further disbursement beyond what it had already received. The evidence is equally clear that GMRI did not satisfy the contractual requirements that would entitle it to a disbursement from escrow, although GMRI attempted to exercise its right to complete the work but was prevented from doing so by YOU Properties. In short, neither party was entitled to the escrow balance pursuant to the languageof the escrow agreement.
The trial court did not address the contract modifications. It is clear that the parties agreed in writing to modify the agreement to include partial disbursements from the escrow fund following partial completion of the improvements. Therefore, to the extent of the draws that were paid pursuant to written agreement, the parties manifested their intent to pay for work completed on the project.
Thus, the trial court's award of the balance of the escrow account to GMRI based on the terms of the contract was erroneous and against the manifest weight of the evidence. An award of the remainder of the money in the escrow account to GMRI, based on breach of contract or liquidated damages, is also in error and against the manifest weight of the evidence. The record does not reflect the evidence on which the trial court calculated GMRI's damages for breach of contract in the amount of $56,128.49. To the extent the court intended to award liquidated damages for breach of contract, the court erred because the terms of the contract and other evidence do not support an award of liquidated damages. See, generally, Lake Ridge Academy v. Carney (1993),66 Ohio St.3d 376; Samson Sales, Inc. v. Honeywell, Inc. (1984),12 Ohio St.3d 27. Thus, YOU Properties' first, second and third assignments of error are sustained.
Because neither party is entitled to the escrow balance under the specific terms of the escrow agreement, on remand the trial court must conduct a hearing and take evidence on an equitable reformation of the escrow agreement. The trial court should consider factors, such as the current status of the property on which the parking lot was constructed, any diminution in the value of GMRI's property due to the parking lot not being completed as agreed, and whether either party has unclean hands. Additionally, the trial court may consider joining other parties who may have an interest in the escrow money if warranted, such as the subcontractors who have not been paid by appellant.
In YOU Properties' fourth assignment of error, it argues that the trial court erred in failing to award it $4,600 on its counterclaim on a theory of unjust enrichment. We disagree.
The trial court found that YOU Properties did not prove its counterclaim under the theory of oral contract or unjust enrichment. This conclusion by the trial court is fully supported by the record. YOU Properties failed to present evidence of an oral contract or additional consideration. Additionally, YOU Properties failed to make a prima facie case for unjust enrichment in that it did not prove that GMRI was responsible for the stone/gravel or the water-testing. Thus, YOU Properties failed to meet its burden of proof on its counterclaim. Consequently, YOU Properties' fourth assignment of error is overruled.
Based upon the foregoing reasons, YOU Properties' first, second and third assignments of error are sustained, while its fourth assignment of error is overruled. Thus, the decision of the Franklin County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings consistent with this opinion.
 _________________________ KENNEDY, J.
LAZARUS and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.