SCHLESSMAN, APPELLANT, *v.* SCHLESSMAN, APPELLEE.[1]

[Cite as Schlessman v. Schlessman (1975),
50 Ohio App. 2d 179.]

(No. 967—Decided October 10, 1975.)

APPEAL: Court of Appeals for Erie County.

*Mr. George A. Howells,* for appellant.
*Mr. Dennis E. Murray,* for appellee.

WILEY, J. This is an appeal from an order of the Court of Common Pleas of Erie County sustaining defendant's motion for summary judgment.

Plaintiff, Susan Schlessman, brought this action against her mother-in-law, Alice Schlessman, for forging plaintiff's name on a Form 1040A Income Tax Return filed jointly by Donald Schlessman, plaintiff's husband. Paragraph five of plaintiff's complaint alleges that the defendant made use of plaintiff's name to pirate her identity for the advantage of defendant and her son. Defendant moved for summary judgment on the ground that no actionable tort had been committed against plaintiff and that, even if one had, no damages resulted since plaintiff had

---

[1]Reporter's Note: A motion to certify the record was overruled by the Supreme Court of Ohio, February 13, 1976.

no interest in the refund, not having any taxable income in 1973.

The two assignments of error are as follows:

"1. The court erred in granting defendant-appellee's motion for summary judgment because there were material facts at issue upon which reasonable minds could differ.

"2. The court erred in sustaining the motion of the defendant-appellee for summary judgment as a matter of law."

Both assignments are found well taken.

Plaintiff's right to recover in this case is limited to an invasion of the right of privacy. An action based upon the right of privacy has had a relatively short history in Ohio. It was first recognized by the Ohio Supreme Court in the case of *Housh* v. *Peth* (1956), 165 Ohio St. 35. The *Housh* case dealt with harassment tactics used by a creditor which were found to interfere unreasonably with the private life of a debtor. The Ohio Supreme Court defined the scope of the newly created right in the second syllabus of *Housh* as follows:

"An actionable invasion of the right of privacy is the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities."

William Prosser points out that the Supreme Court of Ohio, virtually alone among our courts in refusing to recognize, generally, the intentional infliction of mental distress as an independent tort has done so in the *Housh* decision. Prosser, *Privacy*, 48 Calif. L. Rev. 383, 390 (1960).

The Supreme Court of Ohio has not been confronted with a case where a plaintiff claimed that her right to privacy had been invaded by the appropriation of her name. It is, therefore, the task of this court to determine whether the use of a person's name on a public document for personal benefit is actionable as an invasion of the right of privacy.

It is the use of the plaintiff's name as a symbol of his

identity which gives rise to an action based on the right of privacy.[2] Prosser, Torts 805 (4th ed.).

See the cases collected in annotation, 30 ALR 3d 203, Section 17.

It has been said that:

"Nothing so exclusively belongs to a man or is so personal and valuable to him as his name. His reputation and the character he has built up are inseparably connected with it. Others can have no right to use it without his express consent, and he has a right to go into any court at any time to enjoin or prohibit any unauthorized use of it. Nor is it necessary that it be alleged or proved that such unauthorized use will damage him." *State, ex rel. LaFollette,* v. *Hinkle* (1924), 131 Wash. 86, 93, 229 P. 317, 319.

In *Hinish* v, *Meier & Frank Co.* (1941), 166 Ore. 482, 113 P. 2d 438, decided by the Supreme Court of Oregon, Justice Lusk traced the history of the right of privacy in American Jurisprudence. That court was confronted with the question of whether the unauthorized signing of plaintiff's name to a nominating petition, sent to a government official, gave rise to a cause of action for invasion of privacy. The court found that it did since the defendants appropriated for their own purposes, without the plaintiff's consent and against his will, his name and his personality.

The conclusion of the court in *Hinish* goes hand in hand with the principle underlying all "right to privacy" cases, that:

"* * *[E]ach individual [has] the right of determining, ordinarily, to what extent his thoughts, sentiments, and emotions shall be communicated to others. * * * The existence of this right does not depend upon the particular method of expression adopted. * * * Neither does the existence of the right depend upon the nature or value of the thought or emotion, nor upon the excellence of the means of expression. * * * In every such case the individual is

[2]"Who steals my purse steals trash. Tis something, nothing; Twas mine, Tis his, and has been slave to thousands; But he that filches from me my good name robs me of that which not enriches him, and makes me poor indeed." Shakespeare, Othello, 3rd Act, Scene 3.

entitled to decide whether that which is his shall be given to the public." Warren and Brandeis, *The Right to Privacy,* 4 Harv. L. Rev. 193, 198 (1890).

In the case at hand, the defendant violated the law in signing the plaintiff's name to a federal income tax return in order that her son might benefit from filing a joint return. Form 1040A requires that if filed jointly "both must sign even if only one had income." Furthermore, Section 6065 of the Internal Revenue Code requires that returns be verified by written declaration under penalties of perjury. Defendant subjected the plaintiff to the possibility of criminal liability for the contents of the return. She also violated the requirements of the federal income tax law. The plaintiff had the right of deciding whether or not to sign her name to a public document.

Nor should the difficulty of determining damages prohibit the trial court from providing a remedy for the plaintiff. In the *Hinish* case, *supra,* the court found that the plaintiff was entitled to recover nominal damages and any additional damages for injury to his feelings that he may be able to prove, besides punitive damages if there was actual malice. See also 43A Ohio Jurisprudence 2d 519, Privacy, Section 8.

The *Hinish* opinion states:

"The damages may be difficult of ascertainment, but not more so than in actions for malicious prosecutions, breach of promise of marriage, or alienation of affections, and in many cases of libel, slander and assault. The law has never denied recovery to one entitled to damages simply because of uncertainty as to the extent of his injury and the amount which would properly compensate him." 166 Ore. 506, 113 P. 2d at 448.

We conclude that an action for an invasion of privacy can be maintained under the facts herein and that there is a genuine issue as to the amount of damages plaintiff may recover.

*Judgment reversed.*

BROWN, P. J., and POTTER, J., concur.