SAMSON SALES, INC., APPELLEE, *v.* HONEYWELL, INC., APPELLANT.

[Cite as Samson Sales, Inc. *v.* Honeywell, Inc. (1984), 12 Ohio St. 3d 27.]

(No. 83-1593—Decided July 3, 1984.)

*Mr. Seymour Gross,* for appellee.
*Messrs. Walker & Thomas* and *Mr. Michael A. Thomas,* for appellant.

KERNS, J. The only issue of any consequence in this appeal is whether the exculpatory clause limiting Honeywell's liability to $50 is valid and enforceable.

While some jurisdictions have rejected such contract provisions on policy grounds, clauses in contracts providing for reasonable liquidated damages are recognized in Ohio as valid and enforceable. *Lange* v. *Werk* (1853), 2 Ohio St. 519; *Jones* v. *Stevens* (1925), 112 Ohio St. 43; 30 Ohio Jurisprudence 3d (1981) 136-137, Section 128. However, reasonable compensation for actual damages is the legitimate objective of such liquidated damage provisions and where the amount specified is manifestly inequitable and unrealistic, courts will ordinarily regard it as a penalty. *Sheffield-King Milling Co.* v. *Domestic Science Baking Co.* (1917), 95 Ohio St. 180, paragraph one of the syllabus; *Miller* v. *Blockberger* (1924), 111 Ohio St. 798; 30 Ohio Jurisprudence 3d (1981) 138, Section 129. Hence, Honeywell's standard reference "to the sum of Fifty Dollars ($50.00) as liquidated damages and not as a penalty" is by no means conclusive or controlling in this case. *Doan* v. *Rogan* (1909), 79 Ohio St. 372; *Lange* v. *Werk, supra;* 30 Ohio Jurisprudence 3d (1981) 142, Section 135.

Whether a particular sum specified in a contract is intended as a penalty or as liquidated damages depends upon the operative facts and circumstances

surrounding each particular case, but time has apparently had no undermining influence upon the guiding principles initially set forth in *Jones* v. *Stevens, supra,* where the court held at paragraph two of the syllabus:

"Where the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and unambiguous terms, the amount so fixed should be treated as liquidated damages and not as a penalty, if the damages would be (1) uncertain as to amount and difficult of proof, and if (2) the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and if (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof."

With reference to the initial test suggested in *Jones,* the court of appeals expressly noted that "the damages here are patently estimable," and this finding is attuned to the indisputable fact that the damages in this case would be as readily ascertainable as the damages in a multitude of other conceivable situations involving negligence and/or breach of contract. As to the second guideline recommended by this court, the stated sum of $50 in the contract involved in this case is manifestly disproportionate to either the consideration paid by Samson or the possible damage that reasonably could be foreseen from the failure of Honeywell to notify the police of the burglary. And with particular emphasis upon the third condition proposed in *Jones* v. *Stevens, supra,* it is beyond comprehension that the parties intended that damages in the amount of $50 should follow the negligent breach of the contract.

In other words, an examination of the minute type used in the standard contract issued by Morse, as well as a fair construction of the contract provision as a whole, fails to evince a conscious intention of the parties to consider, estimate, or adjust the damages that might reasonably flow from the negligent breach of the agreement. See, particularly, *American Financial Leasing Co.* v. *Miller* (1974), 41 Ohio App. 2d 69 [70 O.O.2d 64]. Surely, Samson, which apparently had some business experience, did not pay $10,500 for the mere possibility of recouping $50 if Honeywell provided no service at all under the terms of the contract. Characteristically, therefore, and by way of analysis, the nominal amount set forth in the contract between Samson and Honeywell has the nature and appearance of a penalty.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

KERNS, J., of the Second Appellate District, sitting for LOCHER, J.