## Jewelers Mutual Ins. Co.
### v.
### American Alarm
### [Cite as 2 AOA 22]

*Case No. C-890101*
*Hamilton County, (1st)*
*Decided April 11, 1990*

*Lyons & Fries Co., L.P.A., William J. Mulvey, Esq., and James W. Costin, Esq., 509 American Building, 30 East Central Parkway, Cincinnati, Ohio 45202, for Plaintiffs-Appellants,*

*Bloom & Greene Co., L.P.A., and Gordon C. Greene, Esq., 2000 Central Trust Center, 201 East Fifth Street, Cincinnati, Ohio 45202, for Defendant-Appellee.*

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court, the transcript of the proceedings, the assignment of error, and the briefs and arguments of counsel. We have *sua sponte* removed this case from the accelerated calendar.

Plaintiff-appellant H. A. Schwartz & Sons ("Schwartz") entered into a contract with the defendant-appellee, American Alarm, Inc. ("American"), the terms of which required American to install and service an alarm system at a store owned and operated by Schwartz. In October of 1983, when a burglary occurred at the store, the alarm system allegedly malfunctioned. As a result, cash, merchandise and inventory valued at $30,000 were stolen.

Plaintiff-appellant Jewelers Mutual Insurance Company ("Jewelers") was the insurer of Schwartz. Pursuant to its policy of insurance, Jewelers paid Schwartz $23,901.08 as compensation for the loss Schwartz had suffered.

Subsequently, Schwartz and Jewelers filed a complaint against American seeking damages allegedly caused by the installation of the faulty alarm system. American moved for summary judgment, alleging that its liability was limited to $250. This assertion was based upon a liquidated-damages provision set forth in paragraph nine of the contract entered into by American and Schwartz. The trial court granted American's motion and the matter was appealed to this court. We reversed the trial court's decision[1] and remanded the cause for further proceedings. American moved for summary judgment again on the issue of damages and the trial court granted its motion. The matter is now here on appeal once again.

In their sole assignment of error, the plaintiffs allege the trial court erred when it granted American's motion for summary judgment and concluded that the liquidated-damages provision was reasonable and valid. They argue that the provision is a penalty and should not be enforced. We disagree.

To determine whether a specific sum set forth in a contract is intended as a penalty or as liquidated damages, it is necessary to examine the facts and circumstances of each case. The court in *Samson Sales, Inc. v. Honeywell* (1984), 12 Ohio St. 3d 27, 465 N.E.2d 392, syllabus, held that the analysis should involve several considerations:

"Where the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and unambiguous terms, the amount so fixed should be treated as liquidated damages and not as a penalty, if the damages would be (1) uncertain as to amount and difficult of proof, and if (2) the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and if (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof." (*Jones v. Stevens,* 112 Ohio St. 43, paragraph two of the syllabus followed.)

In rendering our decision in this case, we rely upon several factors. First, the liquidated-damages provision was not "hidden" within the contract. American expressly directed its subscribers to examine and acknowledge the significance of the provision as set forth in paragraph nine. In that provision, it is clearly stated that American undertook to assume a maximum liability of $250 in the event that its alarm system failed. Within the same paragraph, the subscriber is informed that American is not an insurer, and advice is given to the subscriber about obtaining its own insurance. Further, it is undisputed that Schwartz could have increased American's amount of contractual liability by paying an additional fee each month, but that it chose not to do so.

Based on these factors and our review of the record, we are persuaded that the liquidated-damages provision was reasonable, valid and enforceable, and that it accurately reflected the intention of the parties that $250 would be the maximum amount recoverable from American in the event that its alarm system malfunctioned. See *Weinle v. Sonitrol/Amsafe of Cincinnati, Inc.* (Feb. 17, 1988), Hamilton App. No. C-870279, unreported. Accordingly, we conclude that there is no genuine issue as to any material fact regarding the enforceability of the liquidated-damages provision, and that American is entitled to judgment as a matter of law. See *Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 364 N.E.2d 267.

*Judgment affirmed.*

SHANNON, P.J., HILDEBRANDT and GORMAN, JJ.

---

[1] The decision was reversed because the contract entered into by American and Schwartz was not contained in the record presented for our review.