**National Union Life Ins. Co.**
v.
**Wells Fargo Alarm Services**
*[Cite as 7 AOA 348]*

*Case No. 14636*
*Summit County, (9th)*
*Decided October 17, 1990*

*Robert G. Miller, 200 Baker Bldg., 1940 E. Sixth St., Cleveland, Ohio 44114, for Plaintiffs.*

*David W. Hilkert, 50 S. Main St., P. O. Box 1500, Akron, Ohio 44309, for Defendant.*

QUILLIN, J.

The issue presented in this case is whether a clause in a commercial contract which limits liability for negligent breach of contract is enforceable. We hold that it is enforceable, and, therefore, we affirm.

On June 20, 1985, appellant, Cotter Merchandise Storage Company ("Cotter") contracted with appellee, Wells Fargo Alarm Services ("Wells Fargo") for the installation and maintenance of a sprinkler and fire alarm system at Cotter's place of business. Clause (D) of the contract provides:

"D. It is understood that Wells Fargo Alarm is not an insurer; that insurance shall be obtained by Subscriber, if any is desired; that the sums payable hereunder to Wells Fargo Alarm by Subscriber are based upon the value of services offered and the scope of liability undertaken and such sums are not related to the value of property belonging to the Subscriber or to others located on Subscriber's premises. Subscriber does not seek indemnity by this agreement from Wells Fargo Alarm against any damages or losses caused by hazards to Subscriber's property. Wells Fargo Alarm makes no warranty, expressed or implied, that the systems it installs or the services it furnishes will avert or prevent occurrences, or the consequences therefrom, which the systems and services are designed to detect. Subscriber agrees that Wells Fargo Alarm shall not be liable for any of Subscriber's losses or damages, irrespective of origin, to person or to property, whether directly or indirectly caused by performance or nonperformance of obligations imposed by this contract or by negligent acts or omissions of Wells Fargo Alarm, its agents or employees. The Subscriber does hereby waive and release any rights of recovery against Wells Fargo Alarm that it may have hereunder. It is agreed that if Wells Fargo Alarm should be found liable for any losses or damages attribut-

able to a failure of systems or services in any respect, its liability shall be limited to a sum equal to the annual charge here under or $10,000.00, whichever is less. The Subscriber may obtain a greater limitation of liability, if desired, by payment of an increased annual rate, which shall be negotiated between the Subscriber and Wells Fargo Alarm upon the request of the Subscriber in writing."

The annual service charge was $719.00.

On June 20, 1987, Cotter sustained a $528,079.75 loss from water damage. Cotter's insurance carrier, appellant National Union Life Insurance Company ("National"), paid Cotter $523,079.75, and pursuant to a written agreement between Cotter and National, became subrogated to Cotter's rights.

National and Cotter brought suit against Wells Fargo for $528,079.75, alleging that Wells Fargo breached its contract with Cotter, causing the water damage. National and Cotter also alleged that Wells Fargo negligently monitored the sprinkler and fire alarm system. Wells Fargo counterclaimed against Cotter for $8,903.67 for services rendered to Cotter.

Wells Fargo moved for partial summary judgment contending that its liability was limited to the annual service charge of $719.00. On the basis of clause (D), the trial court granted partial summary judgment for Wells Fargo. National and Cotter waived any right to recover the annual service charge. The trial court held for Wells Fargo on its counterclaim. National and Cotter appeal from the entry of partial summary judgment and from the final judgment. Cotter did not appeal from the judgment on the counterclaim.

### Assignment of Error

"The lower court erred in granting defendant's motion for partial summary judgment which upheld the contract clause as a liquidated damages clause."

National contends that *Samson Sales, Inc. v. Honeywell, Inc.* (1984), 12 Ohio St. 3d 27, requires that clause (D) be construed as an unenforceable penalty. Wells Fargo claims that *Royal Indemn. Co. v. Baker Protective Services, Inc.* (1986), 33 Ohio App. 3d 184 controls. We follow *Baker.*

In *Samson,* the parties contracted for the installation and maintenance of a burglar alarm system. The contract provided:

"***It is agreed by and between the Parties that Company is not an insurer; and that

this Agreement in no way binds Company as an insurer of the premises or of the property of the Subscriber, and that all charges are based solely on the value of the service, maintenance and installation of the system. In the event of loss or damage to Subscriber resulting by reason of failure of the performance of such service or the failure of the system to properly operate, Company's liability, if any, shall be limited to the sum of Fifty Dollars ($50.00) as liquidated damages and not as a penalty and this liability shall be exclusive." *Id.* at 28.

The Ohio Supreme Court focused on the liquidated damages portion of this clause. The court held that the damages clause acted as a penalty and,

"*** the contract provision as a whole, fails to evince a conscious intention of the parties to consider, estimate, or adjust the damages that might reasonably flow from the negligent breach of the agreement." *Id.* at 29.

In *Baker*, the limitation of liability clause was essentially identical, with the limitation of liability clause before us. The *Baker* court considered *Samson* and distinguished it because the issue in *Samson* was whether a liquidated damage provision should be treated as unenforceable. The *Baker* court concluded that the issue presented by the clause before it, and now before us, was whether the limitation of liability clause was valid.

We agree with *Baker* that in a commercial setting, absent unconscionability, which we do not have here, the parties to a contract should have the freedom to fashion whatever relationship they desire. This includes allocating the risk of loss. Cotter chose to insure its risk of loss through National.

It is both interesting and significant that *Samson* was written by Judge Joseph D. Kerns while sitting by assignment on the Ohio Supreme Court. The same Judge Kerns was on the *Baker* case which construed *Samson*.

The assignment of error is overruled.

The judgment is affirmed.

REECE, P.J., and BAIRD, J., concur.