I respectfully dissent from the majority with regards to assignments of error four and six. I concur with the majority opinion in all other regards.
Under Appellant's fourth assignment of error, the majority holds that the trial court abused its discretion in awarding late fees and charges to the Appellees because, under the circumstances, the award of the fees and charges has the character of an unreasonable penalty. I courteously disagree. The trial court found and we agreed that the Appellees were due and owing rent for the months of July and August. Once the conclusion was made that the Appellees were properly due rent for July and August, it then became necessary to determine the damages of the Appellees for not having been paid the rent for July and August. The rental agreement provided for a late fee and late charges if the rent was not paid on time. The question then before this Court is whether the damage clauses as provided for in the rental agreement represent liquidated damage provisions or penalties. "As a general rule, parties are free to enter into contracts that contain provisions which apportion damages in the event of default." Lake Ridge Academy v. Carney (1993), 66 Ohio St.3d 376,381.
 In certain circumstances, however, complete freedom of contract is not permitted for public policy reasons. One such circumstance is when stipulated damages constitute a penalty.
* * *
 A punitive remedy is one that subjects the breaching party to a liability "disproportionate to the damage which could have been anticipated from breach of the contract * * *." 5 Williston on Contracts (3 Ed. 1961) 668, Section 776. "The characteristic feature of a penalty is its lack of proportional relation to the damages which may actually flow from failure to perform under a contract." Garrett v. Coast S. Fed. S. L. Assn. (1973), 9 Cal.3d 731, 739. A penalty is designed to coerce performance by punishing nonperformance; its principal object is not compensation for the losses suffered by the nonbreaching party.
 Contracting parties, however, may provide in advance for damages to be paid in the event of a breach "as long as the provision does not disregard the principle of compensation." 3 Restatement of Contracts, supra, at 157, Section 356, Comment a. Such damages are typically referred to as liquidated damages.
 Determining whether stipulated damages are punitive or liquidated is not always easy: "[I]t is necessary to look to the whole instrument, its subject — the ease or difficulty of measuring the breach in damages, and the amount of the stipulated sum, not only as compared with the value of the subject of the contract, but in proportion to the probable consequences of the breach, and also to the intent of the parties ascertained from the instrument itself in the light of the particular facts surrounding the making and execution of the contract." Jones v. Stevens (1925), 112 Ohio St. 43, paragraph one of the syllabus. "Neither the parties' actual intention as to its validity nor their characterization of the term as one for liquidated damages or a penalty is significant in determining whether the term is valid." 3 Restatement of Contracts, supra, at 159, Section 356, Comment c. See Samson Sales, Inc. v. Honeywell, Inc. (1984), 12 Ohio St.3d 27, 28. Thus, when a stipulated damages provision is challenged, the court must step back and examine it in light of what the parties knew at the time the contract was formed and in light of an estimate of the actual damages caused by the breach. If the provision was reasonable at the time of formation and it bears a reasonable (not necessarily exact) relation to actual damages, the provision will be enforced. See 3 Restatement of Contracts, supra, at 157, Section 356(1).
 Lake Ridge Academy, 66 Ohio St.3d at 381-82.
After reviewing the record, I conclude that the damages in this case are liquidated damages. At the time the rental agreement was entered into by the parties, the provisions were reasonable. See Lake Ridge Academy, supra. In addition, the provisions bear a reasonable relation to the actual damages. Id.
I find that the provisions of the rental agreement appropriately meet the requirements of Samson Sales, Inc., supra. Thus, by awarding the amount of damages provided for in the lease, I cannot find the trial court abused its discretion. Accordingly, I would overrule Appellant's fourth assignment of error.
Under Appellant's sixth assignment of error, Appellant first asserts that she was entitled to stop payment of the rent check for July 1997 according to R.C. 5321.07(B)(3) which allows a tenant to terminate a lease when the landlord violates R.C.5321.04. R.C. 5321.07(B)(3), however, only applies if the landlord receives notice from the tenant in writing specifying the acts, omissions, or code violations. Appellant failed to send written notice to the Appellees and, therefore, was not entitled to terminate the rental agreement under R.C. 5321.07(B)(3).
Appellant next asserts that the trial court erred in granting more damages than the amount actually incurred by the Appellees. The rental agreement provides in part as follows: "If tenant makes payment by check that is dishonored, tenant will be charged a $25.00 fee." The Appellees testified that they incurred a ten dollar fee as a result of the Appellant's action to stop payment of the July 1997 rent check. The Appellees also testified that they incurred late fees on their bills. I find that this a reasonable liquidated damage provision given the testimony of the Appellees. See Samson Sales, Inc., supra. Accordingly, I would also overrule this assignment of error.