[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Gregory Forest Lester, Inc. is a tree-service business that entered into a written contract with defendant-appellee Home Builders Association of Greater Cincinnati (HBA) to lease a booth at Homearama 1998. The contract, which was signed in March 1998, had a liquidated-damages clause that stated, "The total cost for exhibit space must be paid in full on or before May 4,1998. * * * No cancellations will be accepted after this date without forfeiture of all monies paid to the HBA for exhibit space." Prior to May 4, Lester paid $1,725, the total rental cost, to the HBA. On May 29, Lester cancelled its participation in the event.
After the HBA refused to return Lester's $1,725, Lester sued the HBA for the return of the money. A magistrate held that Lester was entitled to the money, but the trial court rejected the magistrate's report and entered judgment for the HBA. Lester now appeals.
In Lester's sole assignment of error, it argues that the HBA's liquidated-damages clause was invalid. But we cannot conclude that the trial court erred in its judgment. The clause was clear and unambiguous. And the amount of damages specified in the clause was reasonable, because, when the parties entered into the contract, the time and cost for the HBA to find renters for booths if late cancellations occurred was uncertain. In light of the standards set forth by the Ohio Supreme Court for determining the validity of liquidated-damages clauses,[1] we conclude that the clause was valid.
Lester also argues that the HBA was unjustly enriched in light of the fact that, after Lester cancelled, the HBA found another renter for the booth. But if a liquidated-damages clause is valid, then the nonbreaching party does not have a duty to mitigate its damages.[2] Here, because we have upheld the validity of the liquidated-damages clause, and because the HBA had no duty to mitigate its damages, we reject Lester's argument.
Finally, Lester asserts an estoppel argument. It claims that it based its decision to cancel on a telephone conversation that it had with an employee for the HBA, where the employee allegedly told it that the $1,725 would be returned if the booth was re-rented. But our review of the record reveals no evidence that the employee had either actual or apparent authority to override the terms of the written contract. And the record reveals that Lester did not necessarily rely on the conversation in coming to its decision to cancel. Thus, we conclude that the trial court did not err by rejecting the argument.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., PAINTER and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Samson Sales, Inc. v. Honeywell, Inc. (1984),12 Ohio St.3d 27, 465 N.E.2d 392, syllabus.
[2] See Lake Ridge Academy v. Carney (1993), 66 Ohio St.3d 376,384-385, 613 N.E.2d 183, 190.