JOURNAL ENTRY AND OPINION
Republic-Franklin Insurance Company (Republic) appeals from an order of the common pleas court which granted summary judgment in favor of VIAD Corporation (VIAD) and GES Exposition Services (GES) and awarded $50 to Republic in connection with its subrogated action arising out of its payment of $170,000 to its insured, Ohio Graphics, Inc., for damages allegedly caused by VIAD and GES to a press machine owned by Graphco which had been exhibited at the Cleveland Convention Center.
On appeal, Republic contends that in accordance with Ohio case law, the clause limiting liability to $50 contained in the exhibition contract between Graphco and GES is a penalty and is therefore unenforceable. After a careful review of the record and applicable law, we conclude that Republic's contention is well taken and therefore reverse the judgment of the court and remand the case for further proceedings consistent with this opinion.
The record here reveals that in March 1998, Graphco leased exhibition space at the Cleveland Convention Center from GES for a three-day Communications Know Show.
As part of its exhibit, Graphco displayed a $270,000 press machine, and it hired GRG Trucking to return the machine to Graphco at the conclusion of the show. On March 27, 1998, however, when GRG arrived with a truck and forklift to transport the machine back to Graphco, its non-union personnel were not permitted to operate a forklift on Convention Center property. As a result, an unidentified forklift operator attempted to move the machine but accidentally damaged it in the process. It is unclear from the record whether this individual worked for the Convention Center or GES.
Graphco submitted a claim to its insurance carrier, Republic, for the total loss of its machine in the amount of $270,000; Republic, however, allowed Graphco to retain possession of the machine, deducted $100,000 from the claim, paid $170,000 to Graphco, and became subrogated to Graphco for collection of this sum.
Thereafter, on March 17, 2000, Republic filed a subrogation action in the common pleas court against GRG Trucking and GES for negligently damaging the property of its insured, Graphco, seeking to recover, as a subrogated insurer, the $170,000 which it had paid to Graphco. Republic also named VIAD as a defendant, but the record does not reveal the relationship between VIAD and GES or disclose VIAD's involvement in the incident.
On January 26, 2001, in defense of the claim, VIAD moved for summary judgment asserting that, in accordance with the terms of the exhibition contract, its liability, if any, would be limited to $50; it attached a two-page exhibit, purportedly part of the contract, bearing the title LIMITS OF LIABILITY RESPONSIBILITY, which contained the following language:
 It is understood that GES and its subcontractor are not insurers. Insurance, if any, shall be obtained by the Exhibitor.
 Amounts payable by GES hereunder are based on the scope of the liability as herein set forth and are unrelated to the value of the Exhibitor's property. It is further understood and agreed that GES and its subcontractors do not provide for full liability should loss or damage occur.
 It is agreed that if GES or its subcontractors should be found liable for loss or damage to Exhibitor's equipment, the liability shall be limited to the specific article that was physically lost or damaged.
 Such liability shall be limited to a sum equal to $.30 per pound per article, with a maximum liability of $50.00 per item or $1,000 per shipment, whichever is less, as agreed upon damages and exclusive remedy. Provisions of this paragraph shall apply if loss or damage, regardless of cause or origin, results directly or indirectly to property through performance or nonperformance of obligations imposed by the offering of services to Exhibitors or from negligence, active or otherwise, by GES, its subcontractors or their employees.
VIAD claimed that this language constituted a liquidated damages clause and, without explaining its relationship with GES, claimed this clause operated to limit its liability, if any, to $50.
The record next reflects that on March 6, 2001, Republic dismissed GRG Trucking from the case, and on March 23, 2001, GES separately moved for summary judgment asserting, as had VIAD, that the contract language limited its liability to $50.
On April 19, 2001, the court found the contract language to be a valid and enforceable limitation of liability provision, granted summary judgment in favor of GES and VIAD, and entered judgment for Republic in the amount of $50.
Republic now appeals from that judgment and asserts one assignment of error, which states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES VIAD CORPORATION AND GES EXPOSITION SERVICES LIMITING APPELLANT'S RECOVERY OF DAMAGES TO $50.
Republic, relying on Samson Sales, Inc. v. Honeywell, Inc. (1984),12 Ohio St.3d 27, 465 N.E.2d 392, contends that the provision limiting liability to $50 should have been construed as a penalty and not as a limitation of liability clause. Moreover, Republic argues that this provision cannot limit its claim against VIAD because VIAD was not a party to the contract.
GES and VIAD, on the other hand, urge that this contract provision is a valid and enforceable liquidated damages clause in accordance with Samson.
The issue for resolution on this appeal then concerns whether the court properly construed the provision limiting liability to $50.
In Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267, 274, the court set forth the following standard for summary judgment pursuant to Civ.R. 56 (C):
 Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that:
 (1) no genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
In Lake Ridge Academy v. Carney (1993), 66 Ohio St.3d 376, 381,613 N.E.2d 183, 187, the court stated:
 As a general rule, parties are free to enter into contracts that contain provisions which apportion damages in the event of default.
* * *
 In certain circumstances, however, complete freedom of contract is not permitted for public policy reasons. One such circumstance is when stipulated damages constitute a penalty.
* * *
(Emphasis added.)
In paragraph two of its syllabus in Jones v. Stevens (1925),112 Ohio St. 43, 465 N.E.2d 393, the court set forth facts to consider in determining whether a stipulated amount of damages should be treated as liquidated damages or as a penalty:
 Where the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and unambiguous terms, the amount so fixed should be treated as liquidated damages and not as a penalty, if the damages would be (1) uncertain as to amount and difficult of proof, and if (2) the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and if (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof.
More recently, in Samson, supra, the court considered a clause in a security systems contract which purported to limit liability to $50 where Samson paid Honeywell $1,500 for the installation of a security system and a $150 monthly fee. When Samson suffered more than $60,000 in property loss, the court applied the Jones test and stated:
 With reference to the initial test suggested in Jones, the court of appeals expressly noted that "the damages here are patently estimable," and this finding is attuned to the indisputable fact that the damages in this case would be as readily ascertainable as the damages in a multitude of other conceivable situations involving negligence and/or breach of contract. As to the second guideline recommended by this court, the stated sum of $50 in the contract involved in this case is manifestly disproportionate to either the consideration paid by Samson or the possible damage that reasonably could be foreseen from the failure of Honeywell to notify the police of the burglary. And with particular emphasis upon the third condition proposed in Jones v. Stevens, supra, it is beyond comprehension that the parties intended that damages in the amount of $50 should follow the negligent breach of the contract.
 In other words, an examination of the minute type used in the standard contract issued by Morse, as well as a fair construction of the contract provision as a whole, fails to evince a conscious intention of the parties to consider, estimate, or adjust the damages that might reasonably flow from the negligent breach of the agreement.
* * *
Finally, whether a stipulated amount in a damages clause constitutes liquidated damages or should be considered as a penalty is a question of law for the court to decide. Lake Ridge Academy, 66 Ohio St.3d at 380,613 N.E.2d at 187. Therefore, we will apply a de novo standard of review when evaluating this issue. See Cleveland Elec. Illum. Co. v. Pub. Util. Comm. (1996), 76 Ohio St.3d 521, 523, 668 N.E.2d 889, 891.
Here, GES and VIAD moved for summary judgment on the sole issue of whether the language in the contract between Graphco and GES limited their liability to $50. Pursuant to Samson, the resolution of this issue depends upon whether the stipulated amount constitutes liquidated damages or what the courts have referred to as a penalty.
Applying the first prong of the Samson test to this case, we recognize that the damages to the press machine are, by nature, neither uncertain as to amount nor difficult to prove: the damages are ascertainable by evidence such as estimated or actual repair cost, replacement cost, or salvage value of the press machine.
Regarding the second prong, in view of the machine's $270,000 value, the stipulated recovery amount of $50 here is so manifestly disproportionate to either the amount of damages allegedly sustained, viz, $170,000, or reasonably foreseen from potential negligent conduct by GES or its employees.[1]
Finally, without a complete, signed contract to review and considering the gross disproportionality of the damages Graphco suffered from GES's alleged negligence to the nominal recovery of $50, we similarly cannot conclude that the parties here intended to limit damages to $50 for any negligent conduct by GES toward Graphco's $270,000 press machine.
Our decision here is also in accordance with State Auto. Ins. Co. v. Sonitrol of Cleveland (Dec. 3 1987), Cuyahoga App. No. 54186, unreported, where a clause in a security system contract, worded similarly to the language in this case, limited liability to $250. When our court considered the plaintiff's property loss of $7,500, we concluded that:
* * *
 [T]his Two Hundred Fifty Dollar damage cap is so manifestly disproportionate to the losses that were incurred that this clause is unconscionable. Therefore, the second prong of the Samson Sales test is not met, and the limitation of liability clauses in the contract in this case are unenforceable.
 Accordingly, the trial court should not have granted summary judgment based on these clauses.
In this case, because we have concluded that the contractual clause is not enforceable, we do not reach the issue of Republic's claim against VIAD. Here, the record neither establishes VIAD as a party to the contract nor a subsidiary of GES; we simply conclude that because the clause is not enforceable, the trial court's purported enforcement of it in favor of GES and VIAD against Republic must be reversed.
Because GES failed to establish that damages would be uncertain as to amount and difficult to prove, because the $170,000 loss is so manifestly disproportionate to the $50 damage limitation, and because we are unable to conclude that the parties intended the $50 damage amount should follow the breach of contract, the stated $50 amount does not qualify as liquidated damages and should be regarded as a penalty in accordance with Samson. Accordingly, the judgment is reversed and the case is remanded for further proceedings consistent with Samson and this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees costs herein.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Another measure for disproportionality concerns the consideration paid for the contracted service, which we cannot evaluate because no such evidence was offered by either party.