**EASTON TELECOM SERVICES, L.L.C., Plaintiff,**

v.

**CORECOMM INTERNET GROUP, INC. and Voyager Information Networks, Inc., Defendants.**

**CASE NO. 5:02 CV 391.**

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 22, 2002.

John P. Calandra, Jr., Baran, Piper, Tarkowsky, Fitzgerald & Theis, Cleveland, OH, Saul H. Krenzel, Philadelphia, PA, for Defendants.

Roger W. VanDeusen, Van Deusen & Wagner, LLC, Cleveland, OH, for Plaintiff.

## OPINION

GWIN, District Judge.

On July 8, 2002, Plaintiffs Easton Telecom Services, L.L.C. ("Easton") filed a motion for partial summary judgment [Doc. 29]. The Plaintiff Easton seeks partial summary judgment on the limited issue of whether the liquidated damages clause contained in the contract between the parties is valid and enforceable. This court has jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).

In deciding this motion for summary judgment, the Court decides whether genuine issues of material fact exist as to the validity of the liquidated damage provision. After conducting this review, this Court finds that the Plaintiffs have not met the burden for summary judgment on this issue. Furthermore, this Court finds as a matter of law that the liquidated damages clause is a penalty and thus void under Ohio law. Therefore, the Court hereby denies the Plaintiff's partial summary judgment motion.

## I. BACKGROUND

### A. Description of the Arguments

Plaintiff's argue that the Defendants, through their predecessor in interest, contracted with the Plaintiff for services on telecommunication lines that the Plaintiff purchased at a bulk discounted rate from telecommunications carriers. The contract between the Plaintiff and the Defendants contained a liquidated damages clause.

The liquidated damages clause required the Defendants to pay the full cost for the monthly fee for the remaining months on the contract, in the event the Defendants terminated their service agreement with the Plaintiff.

The Plaintiff's argue that this liquidated damages clause is valid under Ohio law because: 1) the terms of the clause are clear and unambiguous, 2) damages based on early termination of the service agreement are uncertain as to amount and difficult to prove, 3) the agreement is not unconscionable, unreasonable, or disproportionate in amount, and 4) it was the intention of the parties that damages in this amount shall be paid in the event of a breach by the Defendants. Furthermore, the Plaintiffs argue that the use of the word "penalty" in the contract between the parties is not legally significant.

Responding, the Defendant's argue that the liquidated damages clause in the service agreement contract between the parties is a penalty clause and thus void under Ohio law. Defendants point out that the liquidated damages clause requires immediate and total payment of all amounts that could possibly be owed under the contract. It makes no discount to present value. The Defendants say this is evidence that this clause is a penalty and not a liquidated damages clause. Defendants further assert that the liquidated damages clause was the result of boiler-plate language and was not calculated or negotiated by the parties to account for actual losses by the Plaintiff. Finally, Defendants argue the fact that the Plaintiff's used the word "penalty" in the contract to describe the liquidated damages, is evidence that the clause is a penalty.

### B. Factual Background

In deciding the Plaintiff's motion for partial summary judgment, the Court construes the facts and draws reasonable inferences in the light most favorable to the Defendants, the nonmoving party.

During the course of several years between 1997 and 1999, Easton Telecom Services, L.L.C. (Easton), through its predecessor in interest (Weston Telecommunications, L.L.C.), allegedly entered into thirty-seven private phone line agreements with Megisnet, Inc. Megisnet is a wholly own subsidiary of CoreComm Limited. CoreComm Limited is the parent company of both CoreComm Internet Group, Inc. and Voyager Information Networks, Inc., the Defendants in this case. CoreComm Internet Group subsequently terminated the contract between itself and Easton. Easton now seeks to enforce the liquidated damages clause of the contract. CoreComm contends the liquidated damages clause is an unenforceable penalty under Ohio law.

### II. STANDARD OF REVIEW

Summary judgment is appropriate when the evidence submitted shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the nonmoving party's case. *Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir.2001). A fact is material if its resolution will affect the outcome of the lawsuit. *Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). It is

not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts. *See id.*

In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *Nat'l Enters., Inc. v. Smith,* 114 F.3d 561, 563 (6th Cir.1997). Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency, Inc. v. All Lock Co.,* 96 F.3d 174, 178 (6th Cir.1996) (internal quotation marks omitted).

## III.   DISCUSSION

### A.   Liquidated Damages Clauses Are Enforceable Under Ohio Law

■ On public policy grounds, some jurisdictions reject the validity of liquidated damages provisions in contracts. Ohio, however, finds these provisions are valid and enforceable in certain circumstances. On deciding whether liquid damage provisions are enforceable, Ohio distinguishes between valid liquidated damages clauses and invalid and unenforceable penalty provisions. The Ohio Supreme Court notes, "reasonable compensation for actual damages is the legitimate objective of such liquidated damage provisions and where the amount specified is manifestly inequitable and unrealistic, courts will ordinarily regard it as a penalty." *Samson Sales, Inc. v. Honeywell, Inc.,* 12 Ohio St.3d 27, 28, 465 N.E.2d 392, 394 (1984). The Ohio Supreme Court has set forth the following criteria to determine whether a contract clause is a valid liquidated damages clause or an invalid penalty,

> Where the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and un-

ambiguous terms, the amount so fixed should be treated as liquidated damages and not as a penalty, if the damages would be 1) uncertain as to amount and difficult of proof, and if 2) the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and if 3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof.

*Id.,* quoting *Jones v. Stevens,* 112 Ohio St. 43, 146 N.E. 894 (1925).

### B.   The Liquidated Damages Clause Was Not Conceived Through Bargaining

■ The Defendants argue that the liquidated damages clause of the contract between Easton and CoreComm was a one-sided boiler-plate provision that was not conceived through the bargaining exchange. This Court agrees. The pleadings and motions indicate the parties did not bargain over the language of the liquidated damages clause nor did they have a history that suggested both parties had intended for the liquidated damages clause to reflect an agreed upon "estimation and adjustment" of damages for a contract breach. Rather the liquidated damages provision was generic language placed on standard contracts of Easton. Furthermore, the fact that the liquidated damages provision calls for immediate payment of the full amount otherwise due if the contract had not been breached and does not allow for any reduction for present value, is further evidence that no real "estimation or adjustment" ever took place between the parties concerning this clause. The "estimation and adjustment" requirement of the *Samson* test is a threshold burden that the Plaintiff's have failed to satisfy.

### C. The Plaintiff's Argument that Their Damages Are Hard to Prove is Unpersuasive

Easton argues that it meets the first prong of the *Samson* test because its damages without a liquidation clause would be uncertain and difficult to prove. The Court is unpersuaded by their arguments. As a volume purchaser of phone lines, Easton offered discounts based upon volume purchases to the Defendants and similar customers. Easton makes the improbable argument that the loss of Defendants' business will affect its ability to negotiate future volume discount contracts with its suppliers. More likely, volume suppliers would be happy to sell whatever capacity Plaintiff Easton would chose to buy.

As to whether the liquidated damage provision was an attempt to estimate future, necessarily uncertain damages, the Court finds Plaintiff Easton gives little evidence showing that a determination of damages was believed to be uncertain. To the contrary, the calculation of damages should seem easy to the parties. A breach of the contract would result in the loss of the contract amount, less the expenses saved.

Easton gives no clear indication of how its company would lose ability to obtain discounts in the future if a customer like the defendant terminates a contract early. Easton rather hides behind general assertions that its pricing agreements with telecommunications carriers are confidential and revealing them would jeopardize their future negotiations for bulk volume discounts. The Court is unpersuaded by these general arguments and believes Easton has not proven that its damages would be uncertain and difficult to prove.

### D. Use of the Word "Penalty" is Some Evidence of the Party's Intentions

█ This Court also finds that the use of the word "penalty" to describe the liquidated damages clause as some evidence, though not conclusive evidence, of the parties intentions on making this clause a penalty provision. This Court agrees with the Defendant's argument that the Plaintiff's could have easily labeled the clause a liquidated damages clause rather than a "penalty" clause to avoid uncertainty. Furthermore, under Ohio law the characterization of a clause as a "penalty" is a factor in determining whether a contract provision is a penalty. *Courtad v. Winner*, 2002 Ohio 2094, at p. 26, 2002 WL 971778, 2002 Ohio App. LEXIS 2006 at p. 10 (2002).

### E. The Issue of Whether a Contract Clause is a "Penalty" Is a Matter of Law

█ The determination of whether a liquidated damages provision is an unenforceable penalty is a matter of law to be determined by the Court in light of all the circumstances. *Tolle v. Eichel*, 1991 WL 76464, 1991 Ohio App. LEXIS 2231, *See also, United States v. Swanson, D.O.*, 618 F.Supp. 1231, 1244 (1985). This Court therefore, makes a finding that the challenged contract provision is indeed an unenforceable penalty, void under Ohio law.

## IV. CONCLUSION

For the foregoing reasons, this Court denies the Plaintiff's partial summary judgment motion. Furthermore this Court finds that the challenged contract provision is an unenforceable penalty, void under Ohio law.

IT IS SO ORDERED.