## LATIMER v EAST NINTH STREET CLEVELAND REALTY CO

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided December 15, 1930

Day & Day, Cleveland, for Latimer.

Tolles, Hogsett & Ginn, Cleveland, for Realty Co.

**VICKERY, PJ.**

' Now, several reasons are urged why this judgment is too large, but this court is inclined to think that, on the whole, there was a breach of contract, and the damages were capable of ascertainment and were ascertained by the court, and the only fault that one could claim was that the amount was not large enough because if there was a breach, if this contract was sufficient—and we think it was—then under the circumstances the items that Latimer had agreed to pay were clear and definite, except

those that were allowed for expenses in seeking to minimize the damage and we do not see how Latimer can claim much about that, because this suit was brought several years after the breach had occurred and while, it being an action in damages, there could be but one suit, yet the damages that had accrued up to the time of the filing, or perhaps the trying of the lawsuit, might have been recovered, and that would have made a much larger sum, had the plaintiff below not used efforts to have the property leased which it did shortly after Latimer breached his contract.

Now the majority of the court think that these items were all proper items of damages in this case. One member of the court, Judge Levine, agrees with the judgment of affirmance, to all of the items in the account, save that of the $11,000 paid to Kleinman Company, urging as a reason that there was nothing in the record to show but what the plaintiff company, defendant in error here, might have gotten that lease without going to the expense of paying a commission to any real estate broker, and so far as that item is concerned, Judge Levine dissents from the judgment of the majority of the court; but the majority of the court thinks, on the whole record, that it can do nothing but affirm the judgment.

It will, therefore, be affirmed.

WEYGANDT, J, concurs.

LEVINE, J, concurs in the judgment except as to one item pointed out above.