## Pantalone v.
## Executive Properties
*[Cite as 6 AOA 276]*

*Case No. 14479*
*Summit County, (9th)*
*Decided August 1, 1990*

Lawrence Delino, Jr., Attorney at Law, One Cascade Plaza, Suite 1350, Akron, Ohio 44308, for Plaintiffs.

James L. Wagner, Attorney at Law, 500 Society Bldg., Akron, Ohio 44308, for Defendant.

CIRIGLIANO, J.

This dispute arose when two prospective lessees, Lori and Debra Pantalone, notified the prospective lessor, Executive Properties, that they would be unable to rent the apartment they planned to rent. When Executive Properties refused to return the $480.00 that the Pantalones had deposited with Executive Properties, the Pantalones filed suit. The Pantalones sought return of $50.00 that had been deposited for the purposes of processing the Pantalones' application and was refundable if the Pantalones changed their minds within three days. Otherwise, the $50.00 was to be used as part of the security deposit. The Pantalones also deposited $430.00 with Executive Properties as a "security deposit." There was no lease signed nothing was ever said to the Pantalones that the $430.00 was non-refundable.

In their prayer for relief the Pantalones asked the trial court to order Executive Properties to return the $480.00 plus interest, grant $5000 in punitive damages and award attorney's fees. The case was assigned to a referee. A hearing was held. In his report the referee addressed the award of damages:

"The plaintiffs have failed to establish any fraud, malice or insult as would support an award of exemplary damages. Although the plaintiffs did not request an award of damages equal to the deposit, it is recommended that the same be awarded pursuant to R.C. section 5321.16(C). The overall amount prayed for of attorney's fees was also requested, and, pursuant to the above statute, is properly awardable.

"Accordingly, in light of all of the above, it is recommended that the plaintiffs be awarded judgment in the amount of $860.00, that the matter be scheduled for a hearing relative to the amount of attorney's fees to be properly awarded; and that the costs of this action be taxed to the defendant."

Over the objections of Executive Properties the trial court confirmed the referee's report and recommendations. The parties agreed that $200.00 represented reasonable attorney's fees. Judgment was entered in favor of, the Pantalones for $860.00 plus $200.00 attorney's fees.

Executive properties assigns three errors in this appeal.

### Assignment of Error

"I. The trial court erred in not granting a setoff against the security deposit an amount equal to the difference between the total agreed upon and the total rent received for the unoccupied term of the proposed lease from subsequent tenants."

Executive Properties argues that the trial court misapplied the law when it failed to setoff the damages Executive Properties sustained when the Pantalones decided not to rent the apartment. The referee stated:

"Although a lessor is, in a circumstance wherein a prospective lessee has breached an agreement to execute a lease, entitled to recover the reasonable expenses incurred in reletting the premises, *Latimer v. East Ninth Street Cleveland Realty Co.*, 10 Ohio L. Abs. 395 (Ct. App. Cuyahoga County 1930), no evidence has been adduced from which any such expenses incurred by the defendant can be determined. The measure of damages for a prospective lessee's breach of an agreement to make a lease is limited to the difference between the agreed upon rents and rental value. *F. Enterprises v. Kentucky Fried Chicken*, 47 Ohio St. 2d 154, 158, 1 Ohio Op. 3d 90 (1976). Such sum cannot be calculated from the evidence at trial. Any argument that the defendant may have about lost rent during the time the apartment was kept open for the plaintiffs is a specious one, at best; the evidence revealing that, even if the plaintiffs had commenced their occupation of the unit at the end of June, the apartment would still have been vacant, and the defendant would have been without rents for such unit, from the end of April until such time. The defendant has failed to demonstrate the amount of damages, if any, proximately caused by the plaintiffs' failure to execute the lease, or cancellation of their promise to rent the unit, prior to the effective date of their tenancy.

"*** ."

The referee's report provided detailed information to the trial court to enable it to make an independent review. When the trial court considered the objections of Executive Properties the trial court had only the referee's report, exhibits, and docket and journal entries to review. Civ. R. 53(E). There was no transcript.

Based on the record before us, we find no error in the trial court's decision adopting the referee's finding that there was no evidence supporting a setoff and recommendation that the setoff be denied. *Zacek v. Zacek* (1983), 11 Ohio App. 3d 91, 94. We overrule the first assignment of error.

### Assignments of Error

"II. The trial court erred in awarding double damages to appellee as the same were not requested in appellees prayer.

"III. The trial court erred in granting recovery to appellees for either compensatory or double damages because the agreement, if any, entered into by the parties is not governed by Chapter 5321 of the Ohio Revised Code."

Executive Properties contends that the award of double damages was improper. Execu-

tive properties also argues that the trial court erroneously applied R.C. 5321.16(C) to the facts of this case.

R.C. 5321.16(C) allows for double damages when the landlord fails to return a security deposit. R.C. 5321.16(C) is neither mandatory nor self-executing. The applicability of R.C. 5321.16(C), therefore, is not even relevant. The third assignment of error is overruled.

The Pantalones are limited to the relief prayed for in their pleadings. Civ R. 54(C). The Pantalones asked for $430 plus interest and for the $50.00 deposited for the processing of the application, punitive damage attorney's fees. The $50.00 was forfeited per the agreement signed by the Pantalones. No malice was found thus making punitive damages improper. To double the $430 damages was improper when no such prayer was made.

Based on the foregoing reasons, we overrule the first and third assignments of error. We sustain the second assignment of error. Pursuant to App. R. 12(C) we enter judgment in favor of the Pantalones in the amount of $430 plus interest and award $200 in attorney's fees.

The Court finds that there were reasonable grounds for this appeal.

CIRIGLIANO, J., for the court.
CACIOPPO, J., concurs

BAIRD, P.J., dissents in part saying.
I would overrule all assignments of error and affirm the judgment granted by the trial court.