JOURNAL ENTRY and OPINION
{¶ 1} In this accelerated appeal, the appellants Kenneth A. Balogh and Commodore Club Apartments LLC (hereinafter jointly referred to as Commodore) appeal from the Lakewood Municipal Court's judgment finding appellee Fernberg was entitled to reimbursement of her $465 deposit. Commodore assigns the following errors for our review:
 {¶ 2} "I. The trial court erred by placing the burden of proof on the appellants to show mitigation of damages."
 {¶ 3} "II. The trial court erred when it ruled that the appellants failed to mitigate their damages where there was no evidence in support of such a determination."
 {¶ 4} Having reviewed the record and the legal arguments of Commodore, we affirm the trial court's decision. The apposite facts follow.
 {¶ 5} On November 15, 2002, Fernberg filed suit against Commodore in the Lakewood Municipal Court, seeking to recover her $465 security deposit. On December 18, 2002, a hearing was held before a magistrate. The magistrate thereafter issued findings of fact and conclusions of law stating the following facts:[1]
 {¶ 6} "1. On or about October 3, 2002, plaintiff completed a rental application for the premises located at 18915 Detroit Avenue, #410, Lakewood, Ohio. (Df. Exhibit A, Pl. Ex. 1)
 {¶ 7} "2. Plaintiff paid an application fee of $25 and a deposit amount of $465 for a total payment of $490 (Df. Exhibit A, Pl. Ex. 1)
 {¶ 8} "3. The parties never entered into a written lease agreement. The anticipated move-in date for plaintiff was to be November 1, 2002, with a lease signing date to occur at the end of October.
 {¶ 9} "4. Plaintiff testified she did not enter into a lease with defendant nor did she receive the keys to the suite. Plaintiff never occupied the premises.
 {¶ 10} "5. On or about October 11, 2002 plaintiff received notice that her employment situation changed. Plaintiff testified she accepted the new job offer on or about October 14, 2002, and immediately phoned defendant that she would not be entering into a lease. At that time plaintiff requested the return of the $465 deposit, but understood she forfeited the $25 for the background/credit check.
 {¶ 11} "6. Plaintiff sent correspondence to defendant when she did not get her deposit refund. (Pl. Exhibit 2) Defendant responded by stating plaintiff forfeited the deposit as liquidated damages because defendant held the suite for plaintiff. (Pl. Exhibit 3)
 {¶ 12} "7. Defendant testified that he suffered damages because he was unable to rent that particular suite. Furthermore, defendant testified that once he approves/accepts an individual as a tenant the deposit converts to a security deposit. (Df. Exhibit A)
 {¶ 13} "8. Defendant testified he was able to rent the unit effective December 1, 2002. Defendant also stated he suffered damages that related to preparation costs in getting the suite ready for a new tenant and loss of revenue.
 {¶ 14} "9. Plaintiff counter argued that the suite was already in move-in condition, and defendant stated previously to plaintiff that there were many tenants waiting for suite 410. Defendant testified the suite had been available since October 1, 2002. (Df. Exhibit B.
 {¶ 15} "10. Defendant has refused to return to plaintiff the $465 deposit money. Plaintiff now seeks damages totaling $465."
 {¶ 16} Based on these findings of fact, the magistrate concluded that the $465 was not a security deposit because no lease was entered into and Fernberg never had possession of the property. The magistrate therefore ordered Commodore to return the $465 plus interest at the rate of ten-percent per annum from the date of judgment.
 {¶ 17} Commodore filed objections to the magistrate's report arguing the application form clearly stated the fee would be forfeited in the event a lease was not entered into.
 {¶ 18} The trial court overruled the objections and adopted the magistrate's report. The court concluded that because Commodore failed to present evidence it attempted to mitigate its damages by putting forth a good faith effort to re-rent the premises immediately after receiving notice Fernberg would not be entering into the lease, that Fernberg was entitled to the reimbursement of the $465.
 {¶ 19} In Commodore's first assigned error, it argues that the court erred in finding it had the burden to show that it attempted to mitigate its damages. We disagree.
 {¶ 20} As the court in Turetsky v. Miller[2] held under similar facts, "in circumstances where a prospective lessee has breached an agreement to execute a lease, the lessor is entitled to recover the reasonable expenses incurred in reletting the premises."[3] In the instant case, pursuant to the magistrate's findings of facts, Commodore failed to present evidence that it attempted to mitigate its damages by attempting to re-rent the apartment after receiving notice from Fernberg.
 {¶ 21} Although Commodore argues that it need not show mitigation of damages because the application form contained a liquidated damages clause, we find the clause to be unenforceable.
 {¶ 22} The test developed in Ohio to determine whether a liquidated damage provision is valid was set forth in SamsonSales, Inc. v. Honeywell, Inc.[4] as follows:
 {¶ 23} "Where the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and unambiguous terms, the amount so fixed should be treated as liquidated damages and not as a penalty, if the damages would be (1) uncertain as to amount and difficult of proof, and if (2) the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and if (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof."
 {¶ 24} Applying the first prong of the Samson test to this case, we note that the damages here are neither uncertain as to amount nor difficult to prove: the damages are ascertainable by evidence such as Commodore's inability to find a tenant to replace Fernberg to rent the apartment for the month of November, despite good faith attempts to do so. A valid liquidated damages clause contemplates the nonbreaching party's inability to identify and mitigate its damages.[5] Because Commodore had the ability to both mitigate and identify its damages, the liquidation clause is unenforceable and instead operates as a penalty.
 {¶ 25} Furthermore, requiring a tenant to forfeit a $465 prospective security deposit for failing to enter into a lease agreement, after the tenant gave sixteen days advance notice prior to the commencement of the lease, is unconscionable under these circumstances.[6] "* * * [R]easonable compensation for actual damages is the legitimate objective of * * * liquidated damage provisions and where the amount specified is manifestly inequitable and unrealistic, courts will ordinarily regard it as a penalty. * * *"[7]
 {¶ 26} Although Commodore cites the Second District's opinion in Hartman v. Garden Woods Apartments[8] for the proposition it did not have to show mitigation of damages when the form contains a liquidated damages clause, we find that case to be distinguishable. In Hartman, the tenant paid the landlord an amount equal to a half month's rent. The tenant gave the landlord short notice of his intention not to rent the apartment and the landlord incurred a loss due to this short notice, which resulted in a loss of a half month's rent. In the case herein, the tenant gave sixteen days notice and the landlord presented no evidence that it attempted to find a new tenant. In determining whether a sum specified in a contract is a liquidated damages clause or a penalty, the court must look to all of the facts and circumstances of each particular case.[9]
 {¶ 27} Accordingly, we conclude the trial court did not err in finding Fernberg was entitled to the refund of her $465 deposit.
 {¶ 28} Commodore's first assigned error is overruled.
 {¶ 29} In its second assigned error, Commodore argues that the trial court erred by finding that Commodore failed to attempt to mitigate its damages because evidence was presented that Commodore attempted to re-rent the apartment. Although Commodore claims evidence was presented that it attempted to mitigate its damages, no such factual finding was made in the magistrate's report and the trial court denied Commodore's attempts to supplement the magistrate's findings. We therefore cannot consider these facts.
 {¶ 30} Commodore's second assigned error is overruled.
 {¶ 31} The judgment is affirmed.
Judgment affirmed.
 TIMOTHY E. McMONAGLE and JAMES D. SWEENEY, *JJ., Concur.
(*: James D. Sweeney, retired, of the Eighth District Court of Appeals sitting by assignment.)
It is ordered that appellee recover of appellants her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Because Commodore has failed to present a transcript or an App.R. 9(C) statement, we rely on the above facts in making our determination.
[2] (Aug. 19, 1996), 12th Dist. No. CA96-03-005.
[3] Id., citing to Latimer v. East Ninth St. Cleveland RealtyCo. (1930), 10 Ohio L. Abs. 395, 396-397.
[4] (1984), 12 Ohio St.3d 27, paragraph one of the syllabus.
[5] Lake Ridge Academy v. Carney (1993), 66 Ohio St.3d 376,385.
[6] Although this court found a similar liquidation clause to be enforceable in Williams v. Mark IV Apartments (Sept. 22, 1994), Cuyahoga App. No. 65915, in that case, the tenant had only given four days notice prior to the commencement of the lease.
[7] Samson Sales, Inc. v. Honeywell, Inc., supra, at 28.
[8] (Oct. 25, 1995), 2nd Dist. No. 15228.
[9] Cad Cam Inc. v. Underwood (1987), 36 Ohio App.3d 90, 93.